■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SHERMAN COBB, Respondent. [617 NYS2d 721] —Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 8, 1993, which granted defendant's motion to suppress physical evidence and statements made to the police, unanimously affirmed.

While the anonymous tip of a man selling credit cards, coupled with the observation of a man exactly fitting the informant's description and holding what could have been a credit card, gave the police reasonable suspicion to believe that defendant had possession of and was trying to sell stolen credit cards *(see, People v Benjamin,* 51 NY2d 267, 270-271), justifying temporary detention for questioning *(see, People v De Bour,* 40 NY2d 210, 223), such circumstances did not justify a search of defendant's pocket without any inquiry, which amounted to an arrest requiring probable cause *(see, People v Diaz,* 81 NY2d 106, 109; *People v Soto,* 194 AD2d 371). Defendant's action in putting the card in his pocket when one of the officers tapped his shoulder was not "furtive", as the People argue, and defendant did not flee or otherwise attempt to avoid the officer when asked what he had just put in his pocket. The officer who reached into defendant's pocket was not the officer who had overheard defendant's conversation with the second man about buying credit cards, and he did so without awaiting a response from defendant to his question about what he had just put in his pocket. The police did not know whether defendant was the owner of the credit card they saw him holding as they approached, and had no reason to believe that defendant had a weapon in his pocket. Since the credit cards and other physical evidence recovered from defendant's pocket, and the subsequent statements he made at the scene attempting to explain his possession of the

cards, were the direct product of an unlawful search, they were properly suppressed *(see, People v Soto, supra,* at 374). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.